ELIZABETH RIDER, Appellant, *v.* AARON P. FERGUSON, Respondent.

Second Department, March 31, 1921.

Deeds — description vague and indefinite — intention of parties — reservation of wood lot containing " about " one and one-half acres — effect of subsequent reservations of definite amount — when deed expressing exact amount of property conveyed not controlling.

Where in an action of ejectment it appeared that a deed prepared by the grantee reserved a wood lot described as containing " about " one and one-half acres and subsequent conveyances mentioned the exception of the wood lot as containing one and one-half acres, but it appeared that none of the grantees of the property from which the wood lot was excepted ever attempted to enter into possession of it, although it contained upwards of four acres, except the plaintiff, and then long after her entry under the deed containing the exception, a judgment in favor of the defendant is proper.

Under the circumstances, the fact that the deed to the plaintiff specified the exact amount of land purchased by her is not controlling, since she produced no survey of the property and it appeared that the acreage stated was a mere guess, and that her estimate of the amount conveyed to her was not backed by evidence of competency on her part to make such estimate.

APPEAL by the plaintiff, Elizabeth Rider, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 27th day of August, 1919, on the decision of the court rendered after a trial at the Orange Special Term.

*D. W. Ostrander*, for the appellant.

*Caleb H. Baumes*, for the respondent.

Judgment unanimously affirmed, with costs, upon the opinion of Mr. Justice SEEGER at Special Term.

Present — MILLS, RICH, BLACKMAR, KELLY and JAYCOX, JJ.

The following is the opinion delivered at Special Term:

SEEGER, J.:

This is an action in ejectment to recover the possession of two and thirty-eight one-hundredths acres of wood land being part of a wood lot containing in all three and eighty-eight one-hundredths acres situate in the town of Newburgh, Orange county, N. Y., on the southerly side of the State road formerly the Newburgh and Shawangunk plank road. The wood lot was part of a tract of land formerly owned by one Charles W. Wyatt and by him devised to Albert C. Wyatt. The latter, on January 5, 1904, conveyed to his brother-in-law, Marcus S. Terry, and Maggie M. Terry, his wife, the major part of said property by the following description: " Containing about sixteen and one-half acres and being all except about an acre and a half which is reserved by said Albert C. Wyatt the homestead place which belonged to Charles W. Wyatt and whereon he resided at the time of his death, which lies partly on each side of the highway known as the Newburgh and Shawangunk Plank Road and is bounded as follows, North by lands of Joseph L. Wyatt and lands of James McCullum, east by lands of William Todd, lands of John McCarry and lands reserved as aforesaid by Albert C. Wyatt southeast by lands of Isaac Griggs and southwest by lands of said Isaac Griggs and lands of Edward Griggs."

It is the portion of land reserved under the above conveyance which is the subject of controversy in this action.

Under the general rules of construction this reservation would necessarily be construed most strongly against the grantor, but there are certain facts and circumstances connected with the case which should be considered. The parties were brothers-in-law. The deed and description were prepared by the grantee. The grantee took immediate possession of the premises. The grantor at that time was residing elsewhere. The grantee immediately took possession of the property which contained a dwelling house on one side of

the road and a store on the other. Adjoining the store was a little garden, and adjoining that and separated from it by an old rail fence was the wood lot. The wood lot was in a single parcel.

The defendant has proven to my satisfaction that the grantee never took possession of any part of this wood lot, at least during four years of the time that he occupied it while the witness Constable was serving him as clerk in the store and as assistant upon the farm and garden.

The grantor and grantee are both dead.

The fact that Terry, the grantee, did not take possession of the wood lot tends to prove that it was the intention of the parties that the entire wood lot should be reserved to the grantor, and this is corroborated by a letter introduced in evidence, written by the grantor to the defendant, which is as follows:

" N. Y., *June 15th,* 1916.

" Mr. A. P. FERGUSON,

" DEAR SIR: Yours received and will say in reply to it that I think the best for you to do, if you have not done so already, is to get a description of the boundary line of that wood lot from the deed we gave Mr. M. S. Terry. Mr. Terry had the deed drawn up himself and I don't remember how that part of the line was described in the deed.

" Nothing was reserved beyond the wood lot. This is the best I can do for you.

" Yours respectfully,
" A. C. WYATT,
" 358 West 127th St.,
" New York City."

This letter ordinarily could not be received in evidence because it might be considered a self-serving declaration, but the fact is that the letter was written after the writer ceased to have any interest in the premises and in reply to a letter of the defendant requesting information as to whether the reservation took in the little garden spot hereinbefore mentioned at the end of the woods or whether it stopped at the woods. The letter furnishes this information and shows that the garden spot was not reserved but that the entire wood lot was.

All the probabilities indicate that it was the intention of the parties to convey to the grantee the farm and buildings, the grantor reserving the wood lot. The wood lot was a small one; it was already separated from the farm by the fence which was across a narrow neck of the land at that point which seemed to furnish a natural dividing line. If we assume that it was the intention to reserve only one and a half acres the dividing line would be in the widest part of the wood lot. The little plot of one and one-half acres would hardly have been worth reserving, it would have made an ill-shaped little piece of land. The entire wood lot had some value either for a wood lot or for building purposes, and was a better formation and better location upon the highway for the erection of buildings, if that was intended. As it was, the entire wood lot had no great value. The defendant only paid $225 for it, although the plaintiff claims the two acres in dispute are worth $350. The part reserved was conveyed by the original grantor in 1912 for $100. It probably was of less value in 1904 than it was in 1912. It is hardly probable that a wood lot of such small value would have been divided in two in such an unusual manner.

The plaintiff's contention that because the entire tract of land is described as containing sixteen and a half acres, and only about one and one-half acres was reserved, that exactly that amount must be measured off to him, is not controlling in this case. The description in all the deeds is very vague and indefinite. It does not appear and evidently is not a fact that any survey was made at the time of any of the transfers of the property; the acreage stated was a mere guess. It does not now appear that the plaintiff is not in possession of fifteen acres of land. She has not introduced a survey of the remainder of her property. The plaintiff's husband did testify to an estimate of thirteen acres but his competency to make such estimate is not shown. The probabilities are that the low estimate of the quantity of land contained in the reservation is due to the extreme difficulty of estimating the quantity of land contained in a lot covered with wood; because of the trees the boundary lines are not visible from any one point and it is not infrequent that very inaccurate estimates are made of the quantity of land contained in such parcels of land.

It seems to me that this is a case in which the intent of the parties should govern. I am satisfied that Mr. Wyatt intended to sell to his brother-in-law, Terry, his farm containing dwelling house, store and garden, and to reserve to himself the wood lot; that Terry so understood it; that the deed was prepared by him in the belief that the wood lot contained about an acre and a half. Mr. Wyatt accepted that estimate as correct. In the subsequent conveyance by Mr. Wyatt of the wood lot he does not use the term "about" but described it as follows: "being a tract of one and one-half acres, and being the tract of land reserved by said Albert C. Wyatt and Hattie J. Wyatt in a deed of the homestead lands of Charles W. Wyatt, deceased, made by them to Marcus Terry and Maggie Terry, dated January 5th, 1904, and recorded in Orange County Records in Book 467, page 348, on January 7th, 1904, said premises being bounded by the State Road on the north, by lands of Mrs. M. Knapp and Isaac Griggs on the west and by lands of Richard Else on the south."

At the time of this conveyance the premises previously conveyed by Wyatt to Terry were then owned by Mrs. M. Knapp and are now the property of the plaintiff and the boundary line is the rail fence between the wood lot and the garden.

Plaintiff purchased her lands by deed dated April 11, 1912, from Margaret L. Knapp; she and her husband entered in possession of the same and resided in the house and the husband kept the store. He seems to have acted and spoken for plaintiff in reference to the property. I am satisfied that plaintiff did not at that time nor for some time thereafter make any claim to ownership of any portion of the wood lot notwithstanding the fact that the husband now testifies that he did. He testified that he knew substantially where the line was that he now claims as the division line between the properties of the plaintiff and defendant, and that he kept the bushes cut along the highway in front of the lands claimed. This he did not do. Five or six years ago the State road patrolman, whose duty it was to notify owners to cut the bushes and see that it was done, by reason of the fact that the bushes were not cut, inquired of plaintiff's husband and was told by him that he did not own the property but that it was owned by a woman he did not know. Subsequently,

after defendant purchased the wood lot, the bushes were cut by him. Plaintiff's husband was somewhat given to overstating things in his own favor; for instance, the plaintiff's complaint contains an allegation of damages sustained by reason of the cutting of wood, and her husband testified that defendant had cut from four to six cords of wood from the property; that the same reduced the value of the same from $350 to $250. At that rate, if the defendant had cut twenty cords it would have damaged it the full value. The fact was that the defendant cut no wood upon the portion of land in dispute. He took some dry wood for firewood and cut a few bushes in front of the house to clear the view to the highway. He did cut up a tree that blew down on the portion of the wood lot which is concededly the property of the defendant, and also cut some sticks for sills for a small building also from the same lands.

I am satisfied that the plaintiff's claim to ownership of the land in dispute is an afterthought and a desire to take advantage of the imperfect descriptions contained in the various deeds.

Judgment is, therefore, ordered in favor of the defendant, with costs.